11091

FIRST NATIONAL BANK *ET AL.* v. HINKLE *ET AL.*

(115 S. E., 297)

1. CREDITORS' SUIT—DIRECTION FOR SALE OF PROPERTY HELD UNNECESSARY.—In a suit by a judgment creditor to have real estate declared to be subject to his judgment, a decree granting that relief was not erroneous for failing to direct a sale of the real estate, where the decree reserved leave to the plaintiffs to apply for such further orders as would carry the decree into effect.

2. APPEAL AND ERROR—APPELLANT MUST CONVINCE COURT FINDINGS OF CIRCUIT JUDGE ARE AGAINST PREPONDERANCE OF EVIDENCE.—The burden is on appellants to convince the Supreme Court that the findings of the Circuit Judge are against the manifest preponderance of the evidence.

Before GARY, J. Greenville, May, 1922. Affirmed.

Action by First National Bank of Spartanburg, Planters Savings Bank and J. N. Cudd against G. F. and Mary Price Hinkle. From a decree subjecting property of the defendants to plaintiffs' judgment, but not directing a sale thereof, both parties appeal.

*Messrs. Jas. M. Richardson* and *Dean, Cothran & Wyche,* for defendants-appellants, cite: *Voluntary conveyance good against subsequent creditors in the absence of intent to defraud:* Ann. Cas., 1914A, 601; 54 S. C., 514; 38 S. C., 498; 22 S. C., 529. *Actual fraud:* 20 Cyc., 812; 1 Story Eq. Jur., 186; 64 Pa. St. Rep., 356.

*Messrs. Carlisle & Carlisle* and *J. Hertz Brown,* for plaintiffs, cite: *Burden on appellant to show preponderance of evidence is against findings of fact:* 16 S. C., 632; 41 S. C., 546; 103 S..C., 307; 112 S. C., 519. *To make gift effective there must be a delivery of the control of property:* 1 N. & McC., 237; 4 Rich. Eq., 9; Ded. Eq., 14; 28 S. C., 268; 28 S. C., 353. *What amounts to delivery of stock:* 107 S. C., 372. *Gift from husband to wife as in this case cannot be sustained:* 35 S. C., 431; 35 S. C., 298; 88 S. C., 348; 98 S. C., 402. *Retention of possession as vitiating gift:* 20 Cyc., 1195; 1 Civ. Code 1912, Sec. 3672; 21 S. C., 385; 22 S. C., 200; 36 S. C., 49; Rich. Eq. Cas., 122; 1 N. & McC., 340; 4 McC., 306; 29 S. C., 402. *Parol gifts not valid against subsequent creditors where donor and donee live together:* 1 Civ. Code 1912, Sec. 3739; 4 Stats., 656; 6 Stats., 212, 482; 2 Speer., 113. *Court should have granted full relief:* 27 S. C., 97; 45 S. C., 677; 20 Cyc., 820.

January 5, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a decree of Judge Gary. The action is to have declared as the property of G. F. Hinkle

and subject to his debts certain real estate in the city of Greenville, known as the McDavid apartments, which then stood in the name of Mary Price Hinkle.    The case was referred to E. Inman, Esq., Master for Greenville County, who filed his report, and upon exceptions filed thereto was heard and determined by Judge Gary.    Both plaintiffs and defendants appeal.

The plaintiffs' exception is:

1    "That his Honor erred in failing to direct a sale of the real estate in litigation by the Master of Greenville County, for the purpose of paying plaintiffs' claim; it being respectfully submitted that the plaintiffs are entitled to such relief in proceedings of this kind."

It was unnecessary for this, as Judge Gary concluded his decree:

"That the plaintiffs have leave to apply and receive such further orders as will carry into effect the foregoing decree."

This meant that the Court could have passed any order to carry out Judge Gary's decree, and a sale was necessary to carry into effect his decree.

The defendants have five exceptions challenging his Honor's finding of fact and application of law.

This Court has decided in a number of cases that it is incumbent on the appellants to convince us that the findings of the Circuit Judge are against the manifest preponderance of the evidence, and this they have failed to do.

All exceptions are overruled, and judgment affirmed.

Justice Cothran disqualified, having been of counsel in the case.